Nott, J.
'! his application it is admitted, is one for the enforcement of the strict rigid rule of right. On the part of the respondent it is alleged, that the contract with judge Richardson of which he now claims the benefit was founded, in the purest morality, not operating against the rights or interest of any person and intended as a relief to a brother in distress.
*531 It is .obviously the duty of the court to enforce such a 'contract, if there be nothing in the stern and inflexible rules of law which prevents it. . And it does seem to me if there were any such rule, that it should be forever stricken from the law books.
The court is asked to order the attorney in this case to enter a satisfaction on the judgment. This implies of course, that if the satisfaction be not entered he can demand of the sheriff the money in his hands. Why should the court exercise their power over this officer in this manner? Has he violated his duty? Has he injured the applicants by his arrangement with judge Richardson? He has done neither. He has done nothing that the law or justice forbids. Why then-should this court prevent him from carrying into effect this .. agreement? The answer must be, because it will benefit the junior creditors? Suppose this arrangement had not taken place with judge Bichardson, would they have got the money now in dispute? Assuredly they would not. Their claim then is founded upon a supposed want of authority in the attorney to make such an arrangement. But on’this subject they are certainly mistaken. An attorney can make such an arrangement. He may receive money from a friend of a defendant with an understanding made bona fide that it was intended to postpone the evil day, but that when it did arrive his money should be returned. Can he not give a receipt for the money, and thus discharge diedebt of his client? (Douglass 623.) Having then the absolute control of the whole debt, why not pay money to a client to Satisfy him, and af-terwards on the receipt of his debt retain so much? Suppose Mr. Mayrant had sent his own money to his client, saying that at a more convenient season, the property of the. debtor should be sold. Can it be doubted that he might retain when the property of the debtor was sold? And what difference does it make in the case, that he sent the money of another and not his own, when it was sent with that express understanding? Mr. Mayrant is bound to return judge Rich *532 ardson his money. Mrs. Carson is equally bound in morality She makes no objection. Now the other creditors say there was no assignment by Mrs. Carson. None was necessary,. This it appears to me is the foundation of the mistake.
There is no necessity for an assignment. It is not judge Richardson who is to go to the Sheriff and receive this money. It is Mr. Mayrant and the Sheriff has no right to refuse to pay him the money. He knows that no more than the debt has been made out of the defendants property, and that Mr. Mayrant is the attorney, that was enough for him. Mr. Mayrant’s receipt to him is a good discharge. Let the money be paid and these applicants sue, if they can main-, tain an action. I admit they ought to have their money. But I confess I am at a loss to conceive on what their claim could rest onthis motion. Havethey any lien on the money of judge Richardson in the hands of Mr Mayram? None! Suppose judge Rich ardson’s money was returned to him to-morrow. Who can prevent it? If it were done; then I suppose the right of Mr. Mayrant and Mrs. Carson to receive the one thousand one hundred dollars would not be disputed; and can there be any such legerdemain in the law7 as that a ceremony of that sort should sanctify an act?
The question in behalf of the applicants has been argued on the ground that the respondent w>as an agent, and, as such, his authority was limited. Now this would be very proper, if he were their agent, or if his acts were sanctioned by his principal. But neither being the case, of what importance is it to ascertain w'hat were his powers as an agent? The question, is as to them, had he a right to do the act; and the answer I. think satisfactorily given — as to them he had all the authority of his principal.
The motion is dismissed.
JSvans, for the motion.
W. Mayrant, contra.